UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TERRENCE TERRELL MOORE,

           Plaintiff,

v.

GRETCHEN WHITMER et al.,

           Defendants.
_____/

Case No. 1:21-cv-117

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by thirteen state prisoners housed at the Lakeland Correctional Facility (LCF). On June 22, 2021, the Court denied the request for a class action certification and severed the claims of the thirteen prisoners-plaintiffs into separate actions. (ECF No. 36.) Plaintiff Moore was allowed to proceed under the existing case number and was ordered to file an amended complaint containing only the allegations relevant to his claims for relief. (*Id.*) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Governor Gretchen Whitmer, MDOC Director Heidi E. Washington, Warden Bryant Morrison, Deputy Warden Robert Ault, Acting Administrative Assistant Janet Traeore, Doctor Margaret Quellete, Medical Provider E. Coe Hill, Registered Nurse Lori Blue, Law Librarian Linda Thompson, Resident Unit Manager Timothy Shaw, Resident Unit Manager Scott Cline, Corrections Officer Unknown Part(y)(ies) #1, and Corrections Officer Unknown Minor. Plaintiff also names Prisoner Counselors Karen Kowalski, Shawanda Cope, Patrick Daniels, Kevin Dirchell, and Dennis Randall.

In his amended complaint (ECF No. 47), Plaintiff alleges that in March of 2020, COVID-19 infections at LCF were rampant and that Defendants failed to adequately protect inmates, including Plaintiff, from infection. Plaintiff states that he became infected and suffered from coughing, sneezing, diarrhea, fever, headaches, loss of taste and smell, and weight loss. Plaintiff asserts that each of the named Defendants knew or should have known of the imminent danger posed to Plaintiff and other prisoners by COVID-19 but failed to act in accordance with their duties to protect Plaintiff from the virus, or to ensure that he could access appropriate process to gain early release from prison.

In Plaintiff's first motion to amend and supplement pleadings (ECF No. 49), Plaintiff lists all of the Defendants named in the earlier amended complaint. Plaintiff also attaches affidavits by himself and other prisoners, reciting facts related to his claims, as well as referring to the claims of other prisoners. (ECF No. 49-1.) Plaintiff attests that he began to feel sick on

2

March 11, 2020.  On March 22, 2020, Plaintiff was diagnosed with COVID-19 as the result of a failure to properly quarantine infected inmates.  In April of 2020, prisoner Dre'maris Jackson assisted Plaintiff with COVID-19 investigative reports regarding the donning and doffing of PPE by prison staff.  Plaintiff claims that no masks or other PPE were issued for staff or inmates at LCF until mid- to late-April of 2020.  Plaintiff states that, as a result of this conduct, he received retaliatory misconduct tickets on September 13, 2020; September 24, 2020; and October 18, 2020.  Plaintiff claims that he and other prisoners obtained camera footage showing prison officials donning and doffing PPE in March, April, and May of 2020.

Plaintiff also filed a second motion to amend and to supplement his complaint, in which he merely seeks to add new Defendants to his action.  (ECF No. 130.)  Plaintiff's motion names Deputy Warden Troy Chrisman, Kirsten Losinski, Counselor Markiyroe Garrett, Business/Mailroom Manager Sue Middlestadt, Mailroom Employees Christine Boden and Michael Stevens, Accounting Assistant Jessica Jones, Lieutenant Christiana Borst, Lieutenant Frank Sobrieski, and Health Unit Manager Nathan Mikel.  However, Plaintiff's supplemental pleading is entirely conclusory.  Nowhere in Plaintiff's motion does he allege any specific facts against any of the individuals he seeks to add to this action.

In Plaintiff's third supplemental pleading (ECF No. 149), Plaintiff alleges that Defendants have put in place bonds to insure performance of their duties.  Plaintiff contends that Defendants have breached the terms of those bonds and that he is entitled to recover damages as a result under Mich. Comp. Laws § 600.2923.  Plaintiff posits that his bond claims are properly before this Court under 28 U.S.C. § 1352.  Plaintiff states these claims generically with respect to all Defendants; he fails to allege any additional facts against any particular Defendant.

Plaintiff appears to be claiming that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II. **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

4

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.  **Eighth Amendment**

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

5

As noted above, the assertions made by Plaintiff in his complaint, as well as in his supplemental pleadings, are entirely conclusory. Plaintiff merely states that Defendants are responsible by virtue of their job duties, but he fails to allege facts showing how they actually violated his rights. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, Plaintiff's complaint is properly dismissed.

IV. **Pending motions**

As noted above, Plaintiff has filed three motions to amend and/or to supplement pleadings (ECF Nos. 49, 130, and 149). In Plaintiff's first motion, Plaintiff lists all of the Defendants named in the earlier amended complaint and makes conclusory assertions of wrongdoing against them. Plaintiff also attaches affidavits by himself and other prisoners, reciting facts related to his claims, as well as referring to the claims of other prisoners. (ECF No. 49-1.) The Court grants this motion and has considered the information presented in deciding on the merits of Plaintiff's complaint in this case.

In Plaintiff's second motion, Plaintiff merely seeks to add new Defendants to his action. (ECF No. 130.) Plaintiff's motion names Deputy Warden Troy Chrisman, Kirsten

Losinski, Counselor Markiyroe Garrett, Business/Mailroom Manager Sue Middlestadt, Mailroom Employees Christine Boden and Michael Stevens, Accounting Assistant Jessica Jones, Lieutenant Christiana Borst, Lieutenant Frank Sobrieski, and Health Unit Manager Nathan Mikel.  However, nowhere in Plaintiff's motion does he allege any specific facts against any of the individuals named in that pleading.  Therefore, even if the Court allowed Plaintiff to add these individuals to this action, his claims against them would fail because they are entirely conclusory.  Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013) (repeating that a court need not permit a plaintiff to amend his complaint before dismissing under the PLRA).  Leave to amend should be denied if the amendment would be futile.  *See Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court concludes that Plaintiff's second motion to amend is properly denied as futile.

        In Plaintiff's third supplemental pleading (ECF No. 149), he purports to add claims seeking damages for breach of Defendants' performance bonds.  Those claims arise, Plaintiff alleges, under state law, specifically Mich. Comp. Laws § 600.2923.  (ECF No. 149-1 PageID.1147.)  Although the claims are created by state law, Plaintiff argues that they are properly brought in the federal courts under 28 U.S.C. § 1352, which states: "The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States . . . ."  *Id*.  Plaintiff does not allege that the Defendants' performance bonds—if they exist at all—were executed under "any law of the United States."  To the contrary, he alleges that the bonds are "required by the law of Michigan."  (ECF No. 149-1, PageID.1147.)  Accordingly, Plaintiff's argument regarding federal jurisdiction under 28 U.S.C. § 1352 fails.

The Court might alternatively exercise supplemental jurisdiction over Plaintiff's state-law breach of bond claim. But ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Southard v. Newcomb Oil Co., LLC*, --- F.3d ---, No. 20-5318, at *6 (6th Cir. Aug. 4, 2021) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (recognizing that once a federal court no longer has federal claims to resolve, it "should not ordinarily reach the plaintiff's state-law claims)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon*, 465 F.3d at 728 ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.") (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, balancing the relevant considerations, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state-law bond claims. Accordingly, it would be futile to permit the amendment urged by Plaintiff, and his most recent motion to amend is properly denied.

Plaintiff has also filed a motion for appointment of counsel (ECF No. 127). Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989). However, because Plaintiff's complaint is properly dismissed for failure to state a claim, his motion for appointment of counsel is moot. Therefore, the Court will deny Plaintiff's request for appointment of counsel.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated: November 9, 2021    /s/ Janet T. Neff
　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　United States District Judge